**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chenique Scott, et al., | No. CV-18-00796-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Present Evidence and Claim Damages in Excess of Amount Demanded in Administrative Claim (the "Motion"). (Doc. 29) One of the Plaintiffs (the "Victim"), who is a minor, was injured in a collision with a Unites States Postal Service ("USPS") vehicle. (Doc. 29 at 2) The 10-year-old Victim's pelvis was fractured, and he suffered other injuries to his groin area and genitals. (Doc. 29 at 3) The Plaintiffs filed a claim against USPS for $250,000 as compensation for their injuries, and USPS denied the claim arguing that its employee was not at fault for the collision. (Doc. 29 at 5) The Plaintiffs initiated this case as the result of USPS's refusal to pay their claim for damages.

The Plaintiffs filed the Motion seeking permission to increase the amount of damages sought in this lawsuit. (Doc. 29 at 6) Pursuant to 28 U.S.C. § 2675, once a plaintiff files a claim against a federal agency, the plaintiff cannot file a lawsuit "for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at

the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

The Plaintiffs allege that the now 12-year-old Victim has reached puberty and is starting to experience additional injuries as a result of the collision, including erectile dysfunction and incontinence issues. (Doc. 29 at 5) The Plaintiffs assert that the Victim's damages exceed $250,000 because the Victim "may live the rest of his life without the benefit of a fully functioning sex organ," and this development is based on newly discovered evidence not reasonably discoverable at the time that their administrative claim was filed.

In response, Defendant United States of America (the "Government") argues that the Motion should be denied without prejudice until discovery has closed. Specifically, the Government argues that the Plaintiffs cannot satisfy their burden of demonstrating that the Victim's new injuries were not discoverable at the time of the filing of the administrative claim because there is not enough information in the record to make this determination. (Doc. 36 at 4) The Court agrees and finds that there is not enough information in the record for the Court to decide that the Victim's newly reported injuries were not discoverable at the time the administrative claim was filed. Therefore, the Court will dismiss the Motion without prejudice and require the parties to take discovery on the specific issue of whether the Victim's newly reported injuries, those related to puberty, erectile dysfunction, and incontinence, were reasonably discoverable at the time the Plaintiffs' administrative claim was filed. The Court will allow the parties to file a motion and brief the issue of whether the Plaintiffs satisfy any exception to 28 U.S.C. § 2675(b) at the close of discovery.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Present Evidence and Claim Damages in Excess of Amount Demanded in Administrative Claim is **denied without prejudice**;

**IT IS FURTHER ORDERED** that the parties shall take discovery on the specific issue of whether the Victim's injuries related to puberty, erectile dysfunction, and

incontinence, were reasonably discoverable at the time the Plaintiffs' administrative claim was filed; and

**IT IS FURTHER ORDERED** that the Plaintiffs may renew their motion and the parties may provide further briefing on these issues at the close of discovery.

Dated this 23rd day of May, 2019.

_____
Honorable Steven P. Logan
United States District Judge