WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chenique Scott, | No. CV-18-00796-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Nelson Douglas Johnson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Approve Settlement Involving Minors (Doc. 58).  The Government takes no position. (Doc. 59.)  For reasons stated below, the Motion is granted.

**I.     Background**

Plaintiff Chenique Scott filed this action on behalf of her minor children, D.S. and K.S, alleging claims under the Federal Tort Claims Act ("FTCA"). (Doc. 1.)  The Complaint alleged that D.S. and K.S. were riding their bikes when a United States Postal Service vehicle collided with D.S.  D.S. sustained a broken hip and other damages, including medical expenses.  K.S. allegedly witnessed the crash and was within the "zone of danger."  At the time of the collision, K.S. and D.S. were ten years old.  They will turn eighteen in May 2024.

The Government timely answered the Complaint, disputing liability, causation, and the extent of the minors' damages. (Docs. 16, 27.)  The Government also filed a Notice of Non-Parties at Fault. (Doc. 27.)  After disclosure, discovery, and settlement negotiations,

the parties reached an agreement on the terms of a potential global settlement. The proposed global settlement is $125,000.00. (Doc. 58.) Plaintiff now asks the Court to approve the global settlement figure, as well as the deductions for attorneys' fees, attorneys' costs, negotiated subrogation interests, and the purchase of an annuity contract for the benefit of D.S. through a broker approved by the Government.

## II.     Legal Standards

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c),[1] to safeguard the interests of litigants who are minors. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In cases involving settlement of a minor's federal claims, the Court must conduct its own inquiry to determine whether the settlement serves the best interests of the minor. *Id.* (internal citations and quotations omitted). The Court must also consider whether the net recovery of each minor plaintiff is fair and reasonable. *Id.* at 1182. In considering what is fair and reasonable, the Court must consider the facts of the case, the minor's specific claim, and recovery in similar cases. *Id.* "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement at proposed by the parties." *Id.*

## III.    DISCUSSION

### 1. Settlement for D.S.

The proposed global settlement is $125,000.00. Of that amount, the proposed figure being paid to D.S. is $115,050.00. His net settlement after deductions for attorneys' fees, attorneys' costs, and Medicaid subrogation interests would be $79,297.61. That net amount would be used to purchase an annuity payable to D.S. and maturing on or about his eighteenth birthday. The Court finds that this is fair and reasonable in light of the facts of the case and the average recovery in similar cases within the Court's knowledge.

---

[1] Rule 17(c) provides in relevant part that district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).

D.S. sustained a broken hip in the collision. He was treated at a local hospital and released to his home. In the intervening months he had to re-learn to walk. He was the beneficiary of certain limited in-home health care and limited physical therapy. His recovery from the hip fracture was good. D.S. began the 2016-2017 school year on-time and without accommodation for the hip fracture. To date, he has resumed most, if not all, of his prior normal activities. (*See* Doc. 58.)

D.S.'s total medical expenses were $43,357.27. D.S. is a Medicaid recipient through AHCCCS. As such, AHCCCS has a subrogation interest in D.S.'s financial recovery associated with the FTCA claim. The total amount AHCCCS claimed was $5,768.46. That amount was negotiated down, based upon a procurement cost reduction, to $3,679.59. (Doc. 58 at 17.)

The proposed attorneys' contingency fees are $28,762.50, which is twenty five percent of the total settlement amount—the statutory maximum for claims brought under the FCTA. *See* 28 U.S.C. § 2678. Plaintiff proposes that the attorneys' costs be born solely by D.S. because his net portion of the settlement is far more significant. Plaintiff states that attorneys' total costs are $3,310.30. (Doc. 58 at 22.)

The Court approves as fair and reasonable the proposed and complete accounting for D.S.'s settlement proceeds, which is:

| | |
|---|---|
| Settlement: | $115,050.00 |
| Less Attorneys' Fee (25%) | $ 28,762.50 |
| Less Attorneys' Costs | $   3,310.30 |
| Less AHCCCS Subrogation | $   3,679.59 |
| Net Payment to Annuitant D.S. | $ 79,297.61 |

**IV.     The Settlement for K.S.**

Of the global settlement of $125,000.00, the proposed figure being paid to K.S. is $9,950.00. (Doc. 58 at 5.) Her net settlement after deductions for attorneys' fees would be $7,462.50. (*Id.*) Plaintiff states that an annuity will not be purchased for K.S. Instead,

distribution of the net settlement proceeds will be directly paid to Plaintiff for the benefit of K.S., which Plaintiff indicates will be spent on K.S.'s dental care.

The Court finds that this is fair and reasonable because K.S.'s claims are based exclusively upon the negligent infliction of emotional distress ("NEID"), and standing alone, the potential recovery for K.S. would likely not have been significant enough to be pursued given the disputed liability issues. (Doc. 58 at 4.)  The Court also notes that K.S. obtained some counseling as a result of the witnessing of D.S.'s injuries, but this counseling was within the context of already-ongoing therapy.

The Court therefore approves the proposed accounting of K.S.'s settlement proceeds, which is:

| | |
|---|---|
| Settlement: | $9,950.00 |
| Less Attorneys' Fees (25%) | $2,487.50 |
| Amount paid to Plaintiff | $7,462.50    (for the benefit of K.S.) |

## V. CONCLUSION

Plaintiff as the natural mother, sole guardian, and sole financial supporter of the two minors, has ratified the statements and proposals as set forth herein and believes they are in the best interest of the minors, D.S. and K.S.  The Government takes no position regarding the propriety of settlement allocation.  The Court finds that the allocation of settlement funds to each minor are reasonable and fair considering the facts of the case and each minor's specific claims, as well as recovery in similar cases of which the Court is aware.

Accordingly,

**IT IS ORDERED granting** the Motion to Approve Minor Settlement (Doc. 58.)

Dated this 21st day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge